Jones v. Burch.

3L 747
4L 359
13L 25

## S. M. JONES v. JOHN C. BURCH.

BILL OF EXCEPTIONS. *Must be signed during the term.* A bill of exceptions made up during the term at which the case was tried, but not signed by the judge until after the adjournment of the term, cannot be noticed, although the judge neglected to sign it through oversight.

### FROM DAVIDSON.

Appeal in error from the Circuit Court of Davidson county. FRANK T. REID, J.

S. J. HENDERSON for Jones.

H. E. JONES for Burch.

COOPER, J., delivered the opinion of the court.

This case having been put on the easy docket, the plaintiff in error suggested a diminution of the record, and a *certiorari* for a more perfect record was awarded. The defect consisted in the fact that the bill of

exceptions was not signed by the judge, although there was an entry to the effect that at the term at which the case was tried the defendant below, who is now the plaintiff in error, had tendered his bill of exceptions, "which being signed and sealed, was ordered to be made part of the record." The suit was tried at the September term, 1878. The clerk makes return to the *certiorari* that the bill of exceptions is now signed as of the date of the 18th of February, 1880, with the following statement by the judge: "I have signed the foregoing bill of exceptions this the 18th of February, 1880, for the reason that through oversight I neglected to sign it at the time it was tentered to me, which was sometime during the term at which the case was determined."

Strictly speaking, this memorandum cannot be noticed. It forms no part of the bill of exceptions or of the record of the cause. To have made what was done a part of the record, there should have been an application to the Circuit Judge in open court to amend the record, and an entry upon the minutes of the court of his judicial action. *Mellish* v. *Richardson*, 1 Cl. & Fin., 224. If, however, it can be looked to, the question is squarely raised whether a judge can, after the term at which a case was tried, sign a bill of exceptions prepared and presented at that term, and not signed through oversight. It has been long settled that a bill of exceptions cannot be made up after the term. *Ferrell* v. *Alder*, 2 Swan, 77; *McGavock* v. *Puryear*, 6 Col., 34; *Girdner* v. *Stephens*, 1 Heis., 280, 290. Nor can it be afterward

Jones *v.* Burch.

amended. *Steele* v. *Davis*, 5 Heis., 75. A bill of exceptions cannot be noticed if not signed, although the record recites that it is signed and sealed. *Garrett* v. *Rogers*, 1 Heis., 321. And the very point raised in this case seems to be decided in *Hill* v. *Bowers*, 4 Heis., 272, where the judge who delivers the opinion of the court says that a bill of exceptions, signed after the expiration of the term at which the cause was heard, cannot be noticed upon appeal to this court. It is thought best to adhere to this rule of practice, and to require parties to see that the bill of exceptions is perfected during the term at which the proceedings are had.

There being no bill of exceptions which can be noticed, the judgment must be affirmed.