## DUNCAN v. MAHAFFA.—177 S. W. (2d) 28.

Middle Section.   November 13, 1943.

Petition for ·Certiorari denied by Supreme Court, January 8, 1944.

Cummings & Melton, of Woodbury, for plaintiff in error.

Leighton Ewell and C. C. Warden, both of Manchester, for defendant in error.

HOWELL, J. This case was before this court at a previous term and an opinion by Crownover, Presiding Judge, was filed on February 16, 1942, in which it was remanded to the Circuit Court of Coffee County for a new trial on account of the erroneous probating of the will of Mrs. Mary Duncan, deceased. The case was again tried and is before this court now on an appeal in error from the verdict of that court sustaining the will.

The assignments of error are as follows: "1. There is no evidence to support the verdict of the jury and the evidence greatly preponderates in favor of the contention of the defendant, and against the verdict of the jury and conclusively establishes the fact that Mrs. Mary Duncan, deceased, in her lifetime, effectually revoked her will and/or was lead to believe she did so by the fraud and conduct of plaintiff, and (2) by the undisputed proof the plaintiff by his general warranty deed long before the death of the said Mrs. Mary Duncan, and/or by deed to said Mary Duncan alienated any and all rights he had or might have had under the terms of said will as a legatee, which in legal effect was an ademption and/or adeeming of said interest of the said W. H. Mahaffa in and to the property of Mrs. Mary Duncan, deceased under and by the terms of her will."

The paper writing, purporting to be the will of Mrs. Mary Duncan, deceased, was probated in the County Court of Coffee County, Tennessee, at the instance of W. H. Mahaffa, who was named as executor therein and

letters testamentary were issued to him. Proper petition contesting the validity of this instrument as the last will and testament of Mrs. Mary Duncan was filed by Andrew Duncan, a son of the deceased and the case transferred to the Circuit Court. This petition alleged that this paper writing was not the will of Mrs. Mary Duncan, deceased, for the reasons that it was revoked by her before her death, that it was not found among her valuable papers after her death and that she was unduly influenced to execute the same by the beneficiaries therein.

Upon being remanded by this court the case was again tried by the judge and jury on the issue of devisavit vel non and resulted in another verdict upholding the will.

The material facts are that W. H. Mahaffa lived in the home of the testatrix and her family, in 1919 and on August 26, of that year she executed a will in which she gave to her daughter Malissa Ann and her son Andrew $1 each and bequeathed and devised her remaining personalty and realty to her daughter Rebecca Jane and W. H. Mahaffa, each to share equally, and providing further that should either of them die "before my death then the survivor of the two" to take an absolute estate.

On September 1, 1919, Mrs. Duncan executed a warranty deed conveying all her real estate to W. H. Mahaffa for the consideration of $500. Thereafter W. H. Mahaffa and the daughter Rebecca Jane Duncan were married and on September 3, 1920, they reconveyed this same property to Mrs. Mary Duncan for the consideration of $1,500.

Rebecca Jane Duncan Mahaffa died in 1923 leaving her husband, W. H. Mahaffa, surviving her. They had one child who had died.

Mrs. Mary Duncan died in Coffee County, Tennessee, in 1940.

No question is before us at this time as to the proper probate of the will, the defects in the original probate having been cured by the testimony of the subscribing witnesses Goodloe Warden, Jr., and Judge Robert L. Keele.

█ █  The first assignment of error as to the preponderance of the evidence is not well taken and was disposed of by this court upon the previous hearing. Such an assignment is not available here on appeal in jury cases and it is therefore overruled. Manley v. City of Chattanooga, 1 Tenn. App. 65; Elbinger Shoe Co. v. Thomas, 1 Tenn. App. 161-164.

Many other cases.

█  The second assignment of error as to the question of ademption was also disposed of by Crownover, Presiding Judge, in the former opinion in this case in which it was said: "There is nothing in the defendant's contention that the will was revoked by the conveyance of all the testatrix's real estate after its execution and the reconveyance to her. A will takes effect as of the death of the testator. Code of Tennessee, Sec. 8133; Sizer's Pritchard on Wills and Executors, Sec. 28."

This section of the Code is as follows: "Operation of Will.—A will shall be construed, in reference to the real and personal estate comprised in it, to speak and take effect as if it had been executed immediately before the death of the testator; and shall convey all the real estate belonging to him, or in which he had any interest at his decease, unless a contrary intention appear by its words and context."

The assignments of error are therefore overruled and the judgment of the Circuit Court is affirmed.

The costs will be paid by the plaintiff in error, Andrew Duncan.

Affirmed.

Felts and Hickerson, JJ., concur.