# J. W. McAMIS v. ALBERT CARLISLE et al.—300 S. W. (2d) 59.

Eastern Section. July 10, 1956.

Rehearing denied September 12, 1956.

Petition for Certiorari denied by Supreme Court February 8, 1957.

196

D. S. Beeler, Rutledge, Francis W. Headman, Knoxville, for plaintiff in error.

J. Carl Lambdin, Jefferson City, W. I. Daniel, Rutledge, for defendants in error.

HOWARD, J. This appeal is from a judgment based on a jury's verdict in favor of the plaintiff, J. W. McAmis, for $500 as damages for the value of an alleged fine bird dog killed by being struck by a truck owned

by the defendant, I. V. Contract Truckers, Inc., of Muncie, Indiana, and driven by its employee and co-defendant, Albert Carlisle, also a resident of the State of Indiana.

The accident occurred on one of the main highways in Grainger County, on December 5, 1955, the plaintiff's declaration alleging acts of common law negligence and reckless driving in violation of certain provisions of our State Code.

Only one of the defendants, I. V. Contract Truckers, Inc., has appealed, and of the numerous errors assigned on its behalf, none relate to matters appearing exclusively on the technical record.

■ It definitely appears that the record is not only in a somewhat irregular and confused condition, but that the bill of exceptions was never authenticated by the signature of the Circuit Judge, and therefore cannot, under our authorities, be considered as a part of the record. T. C. A. sec. 27-109, Code 1932, 8819; Heald v. Wallace, 109 Tenn. 346, 71 S. W. 80; State v. Hawkins, 91 Tenn. 140, 18 S. W. 114; Jones v. Burch, 71 Tenn. 747; Garrett v. Rogers, 48 Tenn. 321; Caruthers History of a Law Suit, 7th Ed., Sec. 438, p. 477; Tennessee Procedure in Law Cases, Secs. 1903 and 1905, pp. 750, 751; Merriman v. Coca Cola Bottling Co. of McMinnville, Tenn., 17 Tenn. App. 433, 68 S. W. (2d) 149.

■ Accordingly, in the absence of a bill of exceptions, it must be conclusively presumed that the evidence justified the verdict of the jury. Adams v. Winnett, 25 Tenn. App. 276, 156 S. W. (2d) 353; Tennessee Procedure in Law Cases, Sec. 1887, p. 747.

Affirmed at plaintiff-in-error's costs.

McAmis, P. J., and Hale J., concur.

On Petition to Rehear.

 As indicated by our original opinion, this case was previously heard and judgment was affirmed on the ground that the bill of exceptions filed in this Court had not been authenticated by the trial judge.

The defendant, I. V. Contract Truckers, Inc., has filed petition to rehear, from which it appears that the original bill of exceptions was in fact authenticated by the trial judge, but that the Circuit Court Clerk in preparing the record inadvertently inserted therein a copy instead of the original, and the petition prays that defendant be allowed to suggest a diminution of the record, and that upon the authenticated bill of exceptions, which accompanies the petition, the case be reconsidered.

Although the application comes late, Rule 20, Rules of the Court of Appeals, we think that under the facts stated a rehearing should be allowed. Russell v. Russell, 3 Tenn. App. 232. However, it is not necessary that a writ of certiorari issue to the Clerk of the Circuit Court in order to bring up the authenticated bill of exceptions, since the plaintiff's answer admits that the original accompanying the defendant's petition was duly authenticated by the trial judge and properly filed with the Circuit Court Clerk. Therefore, the authenticated bill of exceptions will be marked filed by the Clerk of this Court, and the petition to rehear is granted.

First, the defendant contends that the trial court erred in refusing to sustain its motion for a new trial because (1) there was no evidence to support the verdict of the

jury, (2) the evidence greatly preponderated against the verdict, and (3) the verdict is excessive.

In ascertainihg whether there was any material evidence to support the verdict, we are governed by certain rules heretofore established by decisions of the Appellate Courts of this State. We are required to take the strongest legitimate view of all the evidence to uphold the verdict, disregard all evidence and inferences to the contrary, and if we find there was any material evidence to support the verdict, it must be sustained. Jarratt v. Clinton, 34 Tenn. App. 670, 241 S. W. (2d) 941; D. M. Rose & Co. v. Snyder, 185 Tenn. 499, 206 S. W. (2d) 897, 901.

The evidence adduced showed that plaintiff on the date of the accident owned a very fine, well trained, female bird dog, 5½ years old, which he had loaned to a friend and neighbor, George DeBord, who at the time of the accident was quail hunting with said dog and a young dog of his own, in a cove near the foot of Clinch Mountain, about 300 yeards west of Highway 25E, in Grainger County. After flushing a covey of quail DeBord shot and winged one, which flew east across the highway about 300 yards before falling in an adjacent field. Both DeBord and the plaintiff's dog, a trained retriever, started immediately in pursuit of the wounded bird, the dog crossing the highway over into the field before DeBord reached the highway. On reaching the west side of the highway DeBord not only saw that the dog had retrieved the bird and was returning to him, but he also observed the defendant's truck approaching from the south at about 200 yards away, and realizing that the truck, which was traveling at 55 miles per hour, might strike the dog while she was crossing the highway, he stepped out onto

the pavement, and while pointing to the dog gave 2 signals for the truck to either slow down or stop, both of which were ignored by the driver Carlisle. The accident occurred on the eastern edge of the pavement after the dog had started across the highway, but on seeing the approachihg truck had turned around and started back in an effort to reach safety, the right wheels of the truck striking her near the hips and crushing her body under its weight.

After the truck struck the dog the driver neither stopped nor slowed down, and to ascertain his identity De-Bord got in his car and drove approximately 12 miles before overtaking the truck in the adjoining County of Claiborne. There the driver was arrested and later returned to Grainger County where he plead guilty and paid a fine in one of the Magistrate's Courts on a charge of reckless driving.

The record shows that on the trial of the case both DeBord and Attorney W. I. Daniel, of the Rutledge Bar, testified without objections regarding a statement made by Carlisle to the effect that he was employed by the defendant, I. V. Contract Truckers Incorporated, Attorney Daniel testifying, as follows:

"Direct Examination

"By Attorney Lambdin:

"Q. Mr. Daniel, were you present in the jail when Albert Carlisle was brought in after he was arrested for killing this dog? A. I came immediately after he was brought there. Mr. DeBord called me and I came there. I think he was in the jail when I got there, possibly.

"Q. Did you have an conversation with him? A. Yes, I did.

"Q. What did you ask him? A. I,—

"Q. As to who he was employed by? A. I asked him who he was employed by and,—

"Q. What did he say to you? A. He told me that he was employed by I. V. Contract Truckers Incorporated of Muncie, Indiana, and he had me to make certain telephone calls which I will not recount here which would verify the fact.

"Attorney Lambdin: I do not believe that that would be competent testimony in the presence of the Jury, if the Court, Please.

"Q. But he did tell you that he was employed by the I. V. Contract Truckers Incorporated of Muncie, Indiana? A. Yes, sir, he did.

"Attorney Lambdin: Cross examine.

"Cross Examination

"By Attorney Beeler:

"Q. Mr. Daniel, you did call up and get all the information about everything that you could get when he told you, did you not? A. Well, I wouldn't want to say. I guess I did get some information, but I found him to be telling the truth.

"Q. And is it not a fact that you were,—that you told the party that you were talking to that you were representing him and was trying to get him out of jail? A. No, sir, I didn't."

DeBord further testified that the truck which included

a tractor and trailer bore Indiana license plates Nos. 12828 and 29761 respectively, and that on each door of the tractor was painted I. V. Contract Truckers Incorporated, and he further stated that Carlisle denied that he was working for any other concern.

■■ Not only did the evidence show that the name of the defendant was printed on the doors of the truck, a fact sufficient to create an inference of ownership, but there was introduced in evidence by the plaintiff a certificate issued by the Bureau of Motor Vehicles of the State of Indiana showing the defendant's registration of ownership of the truck which, under our Statute, "shall * * * be prima facie evidence that said vehicle was then and there being operated by the owner or by the owner's servant for the owner's use and benefit and within the course and scope of his employment." T. C. A. sec. 59-1038, Code 1932, sec. 2702. See also, T. C. A. sec. 59-1037, Code 1932, sec. 2701.

While the defendant's President Kenneth B. Iveson admitted defendant's ownership of the truck, he specifically denied that the truck was on defendant's business at the time or that the driver was ever an employee of the defendant. He testified that the truck had been previously leased for 2 years to Donald P. Rohan, d/b/a Yorktown Insulation Company, of Yorktown, Indiana, and that the driver was an employee of said Company. Carlisle neither appeared in his own defense nor as a witness, nor was the alleged lease introduced in evidence.

It is argued on behalf of the defendant that the presumption raised by T. C. A. sec. 59-1038, Code 1932, sec. 2702, vanished by reason of the uncontradicted testimony of its president, who testified that the offending truck had

been previously leased to a third party for whose benefit the driver was using said truck at the time of the accident.

Conceding the rule that the presumption raised by the Statute vanishes when it is made to appear by uncontradicted proof that the vehicle was, in fact, not being operated by the owner or by his servant or agent for the owner's use ahd benefit, there are recognized exceptions to this rule, particularly where, as here there is conflicting evidence on material points, and in that event the presumption created by the statute remains sufficiently strong to take the case to the jury. Frank v. Wright, 140 Tenn. 535, 205 S. W. 434; Green v. Powell, 22 Tenn. App. 481, 124 S. W. (2d) 269; Wright v. Bridges, 16 Tenn. App. 576, 65 S. W. (2d) 265; Williams v. Bass, 8 Tenn. App. 482.

In Frank v. Wright, supra, the issue was whether or not Frank, the owner, was liable for the tortious act of his chauffeur and whether the court should have directed a verdict in favor of the owner, the uncontradicted testimony of discredited and impeached witnesses showing the use of the car on the occasion in question, and the court said:

"If the jury should thus discredit the testimony of Frank on the point the use of the car was put to on the occasion in question, the prima facie case of his liability for the tortious act of his chauffeur would not be destroyed, as a matter of law, and therefore the direction of a verdict in Frank's favor was properly denied." [140 Tenn. 535, 205 S. W. 436.]

■ And as a general rule where there is sufficient evidence on which a case should go to the jury, a verdict based thereon and approved by the trial judge will not

be disturbed on appeal. Act-O-Lane Gas Service Co. v. Hall, 35 Tenn. App. 500, 248 S. W. (2d) 398.

■ Thus after twice carefully reading the record, we find there was ample evidence to support the verdict that the truck was being negligently operated at the time it struck and ran over plaintiff's dog; that from the evidence and inferences the jury could find that the truck was not only being operated by defendant's agent and servant, but also that the driver and the truck were on defendant's business at the time.

■ Nor do we find any merit in the defendant's contention that the evidence preponderated against the verdict. This Court has no authority to determine the preponderance of evidence or witnesses' credibility on appeal from judgment on jury's verdict. Wilson v. Moudy, 22 Tenn. App. 356, 123 S. W. (2d) 828; Duncan v. Mahaffa, 26 Tenn. App. 696, 177 S. W. (2d) 28; Accident & Casualty Ins. Co. v. Lasater, 32 Tenn. App. 161, 222 S. W. (2d) 202.

■ Likewise, we find no merit in the defendant's contention that the verdict was excessive. The evidence showed that the dog was valuable and well trained, and was worth $500, the amount of the verdict, and there was no evidence to the contrary. Under our decisions, the amount of damages awarded is primarily a jury question, and a verdict approved by the trial judge is entitled to great weight in this Court, in the absence of a showing of fraud or corruption, and no such showing has been made. D. M. Rose & Co. v. Snyder, 185 Tenn. 499, 206 S. W. (2d) 897; Carman v. Huff, 32 Tenn. App. 687, 227 S. W. (2d) 780; Ezell v. Post Sign Co., 30 Tenn. App. 256, 205 S. W. (2d) 13.

Next it is urged that the trial court committed error in overruling the defendant's motion for a directed verdict made at the conclusion of the introduction of all the evidence, (1) because plaintiff in his declaration alleged that Carlisle, the driver of the truck, was an employee of Donald P. Rohan, d/b/a Yorktown Insulation Company, and that the truck at the time was being operated upon a special mission for said Rohan and/or Yorktown Insulation Company, and (2) because plaintiff's president, Kenneth B. Iveson, had testified that Carlisle was not an employee of I. V. Contract Truckers, Inc., and that the truck was not on a mission for I. V. Contract Truckers, Inc., at the time of the accident.

As we review the record, the plaintiff's original action was filed against the defendants Carlisle and I. V. Contract Truckers, Inc., and the amended declaration including Rohan, d/b/a Yorktown Insulation Company, only added a new party defendant thereto, the declaration as finally amended alleging in part, as follows:

"Comes now, J. W. McAmis, plaintiff, by his undersigned attorneys, and sues the defendants, Albert Carlisle, a resident of Daleville, Indiana, I. V. Contract Truckers, Inc., a corporation under the laws of Indiana, with its office and situs at Muncie, Indiana, Donald B. Rohan, and the Yorktown Insulation Company, successors the Standard Insulators, a corporation, all of Yorktown, Indiana, for Five Hundred Dollars ($500.00) damages, by reason of the following facts:

#### "First Count

"That, heretofore, to-wit: on the 5th day of December, 1953, the defendant I. V. Contract Truckers,

Inc., a corporation of Muncie, Indiana, was the owner of a certain White Tractor, * * * which was being driven and operated on the public highways of the State of Tennessee, in Grainger County, Tennessee, in charge of Albert Carlisle, its driver and operator, which said tractor was being used to haul a motor transport trailer or van attached thereto, which trailer was owned by the said defendant Yorktown Insulation Company, a corporation, and or Donald B. Rohan, and which said tractor and trailer was being used and employed under some form of rental lease, contract or agreement between the defendants in hauling insulation materials from a point in the State of Indiana to certain places in East Tennessee, and on the date aforesaid was being driven by the defendant Albert Carlisle, with the express knowledge and consent of the defendants, and each of them, and on a business mission of the said Donald B. Rohan, and the Yorktown Insulation Company, a corporation, at the special instance and request of these two defendants. The said Albert Carlisle, driver and operator of said tractor was the agent, servant, employee and authorized operator of said defendants tractor on the date aforesaid, and the said defendants were jointly and severally responsible for the negligence, acts, conduct, and carelessness of the said agent and servant at the time and place aforesaid done in the performance of his duties as such driver and operator for the said Donald B. Rohan, Yorktown Insulation Company, Inc., and the I. V. Contract Truckers, Inc.

\* \* \* \* \* \*

"Immediately following the deliberate killing of

plaintiff's dog, the said Albert Carlisle, stated in the presence of witnesses, that he intended to run over the dog, and that dogs had no place on the public highways, and they should be killed, and made other similar statements to like effect, viz., that his employers the I. V. Contract Truckers, Inc., and the Yorktown Insulation Company, a Corporation, had plenty of insurance and could pay for the dog, and that he would run over the next dog that he saw in the road.''

It definitely appears that the amended declaration was filed after the deposition of Iveson was taken, in which he admitted defendant's ownership of the truck, but denied that either the truck or the driver was on his Company's business at the time of the accident. The fact that Iveson, who did not appear, so testified, and the fact that the amended declaration alleged, among other things, that ''said defendants were jointly and severally responsible for the negligence, acts, conduct, and carelessness of the said agent and servant at the time and place aforesaid done in the performance of his duties as such driver and operator for the said Donald P. Rohan, Yorktown Insulation Company, Inc., and the I. V. Contract Truckers, Inc.'' did not relieve the I. V. Contract Truckers, Inc., of liability if there was any material evidence to support the allegations against this defendant, and, as previously pointed out, we think there was. Therefore, defendant's motion for directed verdict was properly overruled.

Furthermore, it appears that the trial judge on his own motion dismissed the action against Donald P. Rohan, d/b/a Yorktown Insulation Company, on the ground

that there was no evidence on which the case should go to the jury, and that the charge as finally given was based upon the allegations contained in plaintiff's original declaration in which only Carlisle and I. V. Contract Truckers, Inc., were named defendants.

Nor do we find any merit in the defendant's contention that the trial judge committed error in dismissing the case against the defendant Donald P. Rohan, d/b/a Yorktown Insulation Company, because (1) the complaining defendant was not aggrieved thereby, and (2) the dismissal neither added to nor lessened its liability to the plaintiff.

The defendant further contends that the action of the trial judge in recharging the jury under circumstances hereinafter appearing was prejudicial error.

It appears that after the court had nearly completed the charge in which was included the defendant's special plea that neither the driver nor the truck was on its business at the time of the accident, the defendant's attorney announced that there had also been filed a general plea to which the court had failed to make reference; that after much discussion as to whether the general plea had been filed the Court, upon the suggestion of one of plaintiff's attorneys and with the silent consent of defendant's attorney, recalled the jury, which had retired, and before giving a complete new charge, to which the defendant filed no exceptions, said to the jury, as follows:

"The Court: * * * Gentlemen, there has been a misunderstanding about pleas that have been filed in this case. I had practically completed my Charge and counsel now say that another plea has been filed, which cannot be found in the record which I have a

copy of here. I want to ask you if you think you can disregard everything I have said in my former Charge and,—or the Charge that I have given you and take only a Charge that I give you here, now,— that I give you here after. If you can, we will go on with the case, but if you cannot separate it, then we will have to declare a mistrial. If there is anyone here that thinks you could not do it, hold up your right hand. (No One Raises Their Hand On The Jury).

"The Court: all right."

 It is the recognized rule in this state that the Court may, on its own motion, recall the jury for the purpose of correcting previous instructions. Monday v. Millsaps, 37 Tenn. App. 371, 264 S. W. (2d) 6; Memphis Street and Railway Co. v. Bailey, 6 Tenn. C. Civ. App. 105.

 Moreover, the appellate courts of this state will not reverse or set aside a judgment for an alleged error in the charge, unless it shall affirmatively appear that the error complained of affected the results of the trial. T. C. A. sec. 27-116, Code 1932, sec. 10653; T. C. A. sec. 27-117, Code 1932, sec. 10654. And in the absence of an affirmative showing to the contrary, we must presume that the jury followed the instructions of the trial judge.

 Finally, the defendant complains of the trial judge's refusal to charge its request, the substance of which was that if Carlisle was not employed by and on a mission for the defendant on the date of the accident, the defendant would not be liable. We find no error in the court's refusal to charge the foregoing request because the substance contained therein had already been covered

in the general charge. To deny a special request, the substance of which has been covered in the general charge, is not error. Spivey v. St. Thomas Hospital, 31 Tenn. App. 12, 211 S. W. (2d) 450; Carman v. Huff, 32 Tenn. App. 687, 227 S. W. (2d) 780; Central Truckaway System v. Waltner, 36 Tenn. App. 202, 253 S. W. (2d) 985.

It results, for reasons indicated, that all assignments of error will be overruled and the judgment below will be affirmed at defendant's costs..

McAmis, P. J., and Hale, J., concur.