Stephen Arnold FERGUSON,
Plaintiff-Appellee,

v.

Robert D. TOMERLIN,
Defendant-Appellant.

No. 82–409–II.

Court of Appeals of Tennessee,
Middle Section.

March 16, 1983.

Permission to Appeal Denied by
Supreme Court Aug. 29, 1983.

David N. Shearon, Nashville, for defendant-appellant.

Seth Norman, Nashville, for plaintiff-appellee.

## OPINION

CONNER, Judge.

The determinative question here presented is whether the statutory presumption of agency embodied in T.C.A. § 55–10–311, *infra,* standing alone, is sufficient to withstand a motion for summary judgment after being effectively rebutted by then unrefuted facts adduced through discovery.

This litigation arose as a result of an automobile accident that occurred on August 15, 1975, on Nolensville Road in Nashville, Tennessee. In that accident plaintiff-appellee,[1] Stephen Arnold Ferguson, suffered severe physical injury. Mr. Ferguson alleged that the accident was proximately caused by John T. Luna's negligent operation of a vehicle owned by Robert Dalton Tomerlin. Plaintiff brought this lawsuit against Mr. Tomerlin [2] seeking money damages for personal injury and property damage on the theory that Mr. Luna was Mr. Tomerlin's agent acting within the scope of his agency at the time of the accident. Mr. Ferguson relied upon the statutory presumption of owner-driver agency codified in T.C.A. § 55–10–311,[3] *infra.* The jury returned a verdict of $125,000.00 in favor of plaintiff. Defendant appeals.

Certain facts surrounding the accident itself are undisputed. Mr. Tomerlin is a resident of Pulaski, Tennessee, and is the owner of a 1971 Buick. In August of 1979, Kathy D. Tomerlin, the daughter of Robert Tomerlin, resided on Smith Springs Road in Nashville where she was employed at the Pizza Hut on Bell Road. Mr. Tomerlin provided the 1971 Buick to his daughter for her personal use. John T. Luna was a friend of Miss Tomerlin with whom she shared an apartment. Although Mr. Luna owned an automobile it was not in running condition on August 14, 1979. On that date Mr. Luna asked Miss Tomerlin if he could borrow her car while she was at work so that he could visit a friend. She agreed to do so. Mr. Luna took Miss Tomerlin to work and had planned to pick her up after work. However, in the interim, the accident occurred.

On September 26, 1979, this suit was filed. After certain discovery was completed, defendant moved for summary judgment. That motion was denied. After trial, the jury returned a verdict in plaintiff's favor in the amount of $125,000.00. Mr. Tomerlin appeals.

Although defendant raises several issues incident to the trial of the case, in our view

1. Hereinafter the parties will be referred to as in the trial court or by their names, as abbreviated.

2. Although Mr. Luna was also named as an original defendant, plaintiff took a voluntary non-suit as to him prior to trial.

3. Plaintiff also relies upon the presumption of owner-driver agency embodied in T.C.A. § 55–10–312 that arises upon proof of registration of a vehicle. However, for purposes of this appeal we need only consider T.C.A. § 55–10–311 since the presumption raised by both statutes is identical.

we need consider only one relating to the pre-trial proceedings. That is, whether the trial court erred in overruling defendant's motion for summary judgment. At the time that motion was made the record consisted of the complaint, answer and interrogatories and the answers thereto propounded to Mr. Tomerlin and filed in support of the motion. They provided as follows:

The Defendant, Robert D. Tomerlin, answers the Interrogatories previously propounded to him as follows:

1. State your full name, present address, and age.

ANSWER: Robert Dalton Tomerlin; 110 Sam Davis Avenue, Pulaski, Tennessee 38478; 47 years.

2. On August 15, 1979, were you the owner of a 1971 2-door Buick automobile, green in color, having Tennessee license No. 46–R781?

ANSWER: Yes.

3. Was that automobile involved in an accident on the Nolensville Road in Nashville, Davidson County, Tennessee on August 15, 1979?

ANSWER: Yes.

4. Who was driving this automobile at the time of the accident?

ANSWER: I have been informed that it was being driven by Mr. John T. Luna.

5. Do you know the person named in your answer to question # 4?

ANSWER: Yes.

6. If your answer to question # 5 is affirmative, please explain in detail what your relationship or acquaintanceship is with the individual.

ANSWER: He was a friend of my daughter.

7. Explain in detail how John T. Luna happened to be driving the automobile.

*ANSWER: I had given my daughter the use of my automobile with the instruction that no one else was to drive it. She has informed me that Mr. Luna asked her to borrow the car to go see a friend of his. Despite my instruction, she gave him permission to do so. This use of my automobile was in no way for my benefit and was contrary to my expressed instruction to my daughter.*

8. To the best of your knowledge has John T. Luna ever driven this automobile prior to this date?

ANSWER: No.

9. Do you have a child or relative known as Kathy Tomerlin?

ANSWER: Yes.

10. Where did Kathy Tomerlin live on August 15, 1979?

ANSWER: Smith Springs Road, Nashville, Tennessee.

11. To the best of your knowledge, was Kathy Tomerlin acquainted with John T. Luna on August 15, 1979?

ANSWER: Yes.

12. What was the relationship between Kathy Tomerlin and John T. Luna on August 15, 1979?

ANSWER: They were friends.

13. Had your (sic) furnished the above described automobile to Kathy Tomerlin for her use prior to August 15, 1979?

ANSWER: Yes.

14. If the answer to question # 13 is affirmative, please state in full the terms and conditions under which Kathy Tomerlin was allowed to use the automobile.

*ANSWER: I had furnished the automobile for her use only. No one else was to be allowed to drive it. My reason for furnishing it to her was so that she could get to and from work.*

15. At any time after the accident of August 15, 1979, did you or anyone acting in your behalf, report to any law enforcement authority that the automobile involved in the accident was stolen or was not being used with your permission?

ANSWER: No. (Emphasis supplied.)

In response to the application for summary judgment plaintiff offered no proof whatsoever to rebut Mr. Tomerlin's clear and unequivocal statements that no agency relationship existed between Mr. Luna and himself.

Given the state of the record at this point, defendant asserts that the trial judge

erred in overruling the motion for summary judgment. More specifically, Mr. Tomerlin contends that at the summary judgment stage plaintiff was relying solely on the statutory presumption of agency; that the record then contained undisputed, uncontradicted and unimpeached evidence that no agency relationship existed between Mr. Tomerlin and Mr. Luna; that therefore the statutory presumption of agency disappeared; that plaintiff was then obligated but failed to offer independent proof of agency; and that, consequently, defendant was entitled to judgment as a matter of law. We agree.

■ Proof of ownership of a vehicle indeed raises a presumption of owner-driver agency pursuant to T.C.A. § 55–10–311 which provides in pertinent part:

*Prima facie evidence of ownership of automobile and use in owner's business.* —In all actions for injury to persons and/or to property caused by the negligent operation or use of any automobile, auto truck, motorcycle, or other motor propelled vehicle within this state, proof of ownership of such vehicle, shall be prima facie evidence that said vehicle at the time of the cause of action sued on was being operated and used with authority, consent and knowledge of the owner in the very transaction out of which said injury or cause of action arose, and such proof of ownership likewise shall be prima facie evidence that said vehicle was then and there being operated by the owner, or by the owner's servant, for the owner's use and benefit and within the course and scope of his employment. . . . This section is in the nature of remedial legislation and it is the legislative intent that it be given a liberal construction.

A leading case interpreting this statute is *Haggard v. Jim Clayton Motors, Inc.,* 216 Tenn. 625, 393 S.W.2d 292 (1965).

It was undisputed that defendant Clayton owned the automobile which was involved in the collision, and for the purposes of this petition, we must assume that the injuries sued for were caused by the negligence of the driver, Daniel. Upon proof of these facts, without more, there arose under our statute (T.C.A. § 59–1037), as amended, a prima facie case or presumption that the automobile was being operated by the owner or by his servant in his service. *Sadler v. Draper,* 46 Tenn.App. 1, 19, 326 S.W.2d 148 (1959).

*The rule in this State, where evidence is offered in rebuttal to the presumption created by T.C.A. §§ 59–1037, 1038, is that uncontradicted and unimpeached evidence causes the presumption to disappear.* Hill v. Harrill, 203 Tenn. 123, 133, 310 S.W.2d 169 (1957); Bell Cab & U-Drive-It Co. v. Sloan, 193 Tenn. 352, 356, 246 S.W.2d 41 (1951); Long v. Tomlin, 22 Tenn.App. 607, 619, 125 S.W.2d 171 (1938); Woody v. Ball, 5 Tenn.App. 300, 304 (1927).

However, when the witness offering the evidence in rebuttal of the presumption is contradicted as to material matters, his credibility is a matter for the jury, which determines whether his evidence overcame the presumption. *Jones v. Agnew,* 197 Tenn. 499, 502, 274 S.W.2d 825 (1954); *Smith v. Phillips,* 43 Tenn. App. 364, 309 S.W.2d 382 (1956); *McConnell v. Jones,* 33 Tenn.App. 14, 228 S.W.2d 117 (1949); *McParland v. Pruitt,* 39 Tenn. App. 399, 284 S.W.2d 299 (1955); *Sadler v. Draper,* supra; *McAmis v. Carlisle,* 42 Tenn.App. 195, 300 S.W.2d 59 (1956); *Green v. Powell,* 22 Tenn.App. 481, 124 S.W.2d 269 (1938); *Wright v. Bridges,* 16 Tenn.App. 576, 65 S.W.2d 265 (1933); *Williams v. Bass,* 8 Tenn.App. 482 (1928).

*This means that, before a trial judge may take the question from the jury, the evidence must be such that it can be said, as a matter of law, that there was no agency.*

.     .     .     .     .

Once the witness is impeached on any material point, then the trial court may not hold as a matter of law that the statutory presumption has disappeared and direct a verdict. . . . (Emphasis supplied.)

*Id.* 216 Tenn. at 629–31, 393 S.W.2d 294–95.

■ It is therefore well settled that the presumption of owner-driver agency

created by ownership of a vehicle under T.C.A. § 55–10–311 can be rebutted by credible proof that the driver was in fact operating the vehicle without authority of the owner. *See Sadler v. Draper,* 46 Tenn. App. 1, 326 S.W.2d 148 (1959). To withdraw the matter from the jury such rebutting evidence must be uncontradicted and unimpeached. *Haggard v. Jim Clayton Motors, Inc., supra.*

■ The *Haggard* court quoted with approval from *Phillips-Buttorff Mfg. Co. v. McAlexander,* 15 Tenn.App. 618 (1932):

> Testimony may not be disregarded arbitrarily or capriciously; and the testimony of a witness who is not discredited in any of the modes recognized by law, must be accepted as true.

216 Tenn. at 631, 393 S.W.2d at 295. We believe that is precisely what occurred here. Plaintiff stood on the presumption only to have it be effectively rebutted by the uncontradicted, unimpeached and unrefuted proof of lack of agency contained in the interrogatory answers of Mr. Tomerlin, a witness whose credibility was not put in issue by the plaintiff at the summary judgment stage. Under these circumstances we think it clear that the presumption was displaced and, agency not being otherwise shown, defendant was entitled to judgment as a matter of law. *See* T.R.C.P. 56.[4]

■ Summary judgment is designed to provide a quick, inexpensive means of concluding cases on issues as to which there is no dispute regarding material facts. A motion for summary judgment goes to the merits of the litigation and one faced with such a motion may neither ignore it nor treat it lightly. This procedure is not designed as a substitute for the trial of factual issues. However, the motion must be granted when the pleadings, stipulations, depositions, interrogatories, and affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. T.R.C.P. 56, *supra; Phillips v. Pittsburg Consolidated Coal Company,* 541 S.W.2d 411 (Tenn.1976); *Evco Corporation v. Ross,* 528 S.W.2d 20 (Tenn.1975); *Brookins v. The Round Table, Inc.,* 624 S.W.2d 547 (Tenn.1981); *Fowler v. Happy Goodman Family,* 575 S.W.2d 496, 498 (Tenn. 1978). We think that is precisely the situation before us here.

■ Plaintiff asserts that Mr. Tomerlin's acknowledgement that he failed in his answers to the interrogatories to report to the authorities either that the car was stolen or that Mr. Luna did not have permission to drive it is somehow sufficient impeachment of his testimony so as to allow the matter to go to trial. We cannot agree. We do not believe that his failure to do this should cause to arise any adverse inference regarding the question of agency under the circumstances here presented.

■ Plaintiff further contends that he was properly allowed the opportunity to proceed to trial on the basis that "impeachment" and "contradiction" was there elicited, thus bringing the teachings of *Haggard* into effect in this regard. It is argued that without such opportunity plaintiff is powerless to rely upon the presumption. We cannot agree. We believe that the principles enunciated in *Haggard* must apply to the pretrial, as well as the trial, stage of litigation, especially in light of the clear mandates of T.R.C.P. 56, *supra.* Simply put, the

---

4. 56.02. *For defending party.*—A party against whom a claim, counterclaim, or crossclaim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof.

56.03. *Motion and proceedings thereon.* —The motion shall be served at least thirty (30) days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. *The judgment sought shall be rendered forthwith if the plead-* *ings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.* A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages. (Emphasis supplied.)

rebuttable presumption of owner-driver agency may be overcome by sufficient proof elicited not only at trial but prior thereto as well. Plaintiff had ample opportunity to impeach or contradict defendant's rebuttal evidence at the summary judgment stage through the use of pre-trial discovery tools such as discovery depositions, interrogatories, requests for admission and/or affidavits. All of these devices were readily available to Mr. Ferguson as a means of sufficiently discrediting Mr. Tomerlin's answers to the interrogatories so as to raise a jury question. With these tools plaintiff had the ability to present to the court at the summary judgment stage the same inconsistencies, if any, that might be addressed at trial. None were used and at the summary judgment stage there is not a scintilla of proof to rebut or impeach Mr. Tomerlin's denial of agency.

In the final analysis, in order to hold it proper to allow this matter to proceed to trial, given the state of the record when disposal was had of the summary judgment motion, we would be constrained to rule that summary judgment would never be appropriate in a case involving this statutory presumption. Finding neither logic nor authority for this proposition we are unwilling so to do.

In light of our determination it is unnecessary to consider defendant's other issues relating to the conduct of the trial.

Accordingly, the judgment of the trial court overruling defendant's motion for summary judgment is respectfully reversed and that motion is granted. This cause is dismissed and remanded. The costs are taxed against the plaintiff.

REVERSED, DISMISSED AND REMANDED.

TODD, P.J., and CANTRELL, J., concur.