IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
July 7, 2000 Session

## SUSAN R. GODFREY, ET AL. v. JESUS RUIZ, ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 97C-503      Barbara N. Haynes, Judge**

_____

**No. M2000-00101-COA-R3-CV - Filed October 4, 2001**

_____

WILLIAM B. CAIN, J., dissenting.

I respectfully dissent.

I do not believe that the *prima facie* evidence created by Tennessee Code Annotated section 55-10-311 can be overcome as a matter of law solely by the affidavits and testimony of owners of a vehicle who have a vital interest in the outcome of the case.

Tennessee Code Annotated section 55-10-311(a) (1998) provides in pertinent part:

> In all actions for injury to persons and/or to property caused by the negligent operation or use of any automobile, auto truck, motorcycle, or other motor propelled vehicle within this state, proof of ownership of such vehicle shall be prima facie evidence that the vehicle at the time of the cause of action sued on was being operated and used with authority, consent and knowledge of the owner in the very transaction out of which the injury or cause of action arose, and such proof of ownership likewise shall be prima facie evidence that the vehicle was then and there being operated by the owner, or by the owner's servant, for the owner's use and benefit and within the course and scope of the servant's employment.

Plaintiffs Godfrey rely upon section 55-10-311, and such reliance establishes prima facie evidence of an agency relationship. The only evidence offered by Defendants Ruiz, who were the owners of the vehicle in issue, are the depositions of Mr. and Mrs. Ruiz under oath and their affidavits in support of their motion for summary judgment. Their evidence asserts not only that the driver, Mr. Corpus, had no permission from them to drive their van but, further, that he took the key from a drawer in their home and drove it at the time of the accident without their knowledge.

Heavy reliance by the majority on this Court's opinion in *Ferguson v. Tomerlin*, 656 S.W.2d 378 (Tenn. Ct. App. 1983) is misplaced. The Court therein failed to make the vital distinction between the unrebutted and unimpeached testimony of a disinterested witness and the unrebutted and

unimpeached testimony of a witness having an interest in the outcome of the case. In *Ferguson*, this Court reversed a judgment for the plaintiff where the testimony of the owner of the vehicle, Robert D. Tomerlin, was unrebutted and unimpeached. He testified that he provided the automobile for his daughter and specifically forbade her to allow anyone else to drive it. She then allowed Mr. Luna to drive the vehicle, and an ensuing accident injured Mr. Ferguson.

The *Ferguson* court relied heavily on *Phillips-Buttorff Manufacturing Co. v. McAlexander*, 15 Tenn. App. 618 (1932), wherein that court held: "Testimony may not be disregarded arbitrarily or capriciously; and the testimony of a witness who is not discredited in any of the modes recognized by law, must be accepted as true." *Phillips-Buttorff*, 15 Tenn. App. at 627. Reference, however, to *Phillips-Buttorff* discloses that this statement was made in an appeal from the trial judge's refusal to grant a directed verdict in a jury trial involving an agreement made between the corporation and the driver at the time the vehicle was purchased.

It must be conceded that *Ferguson* did not recognize the distinction between the testimony of interested witnesses as opposed to the testimony of disinterested witnesses since the court held:

> We believe that is precisely what occurred here. Plaintiff stood on the presumption only to have it be effectively rebutted by the uncontradicted, unimpeached and unrefuted proof of lack of agency contained in the interrogatory answers of Mr. Tomerlin, a witness whose credibility was not put in issue by the plaintiff at the summary judgment stage. Under these circumstances we think it clear that the presumption was displaced and, agency not being otherwise shown, defendant was entitled to judgment as a matter of law. *See* T.R.C.P. 56.

*Ferguson*, 656 S.W.2d at 382.

The distinction is made clear in the scholarly discussion by Judge Sam Felts appearing in *Poole v. First National Bank of Smyrna*, 196 S.W.2d 563 (Tenn. Ct. App. 1946). Said the court:

> The credibility of witnesses is peculiarly a question for the jury, and in determining a motion for a directed verdict the judge has no right to determine the question of the credibility of any witness. *Nashville, etc., Railway Co. v. Norman*, 108 Tenn. 324, 67 S.W. 479; *Kinney v. Yazoo & M. V. Railroad Co.*, 116 Tenn. 450, 92 S.W. 1116; *Anderson v. Stribling*, 15 Tenn. App. 267, 279; *Patillo v. Gambill et ux.*, 22 Tenn. App. 485, 493, 124 S.W.2d 272. The Constitution (Art. 6, sec. 9) forbids judges to charge juries "with respect to matters of fact," which include, among other things, the question of the credibility of a witness. *Brenizer v. Nashville C. & St. L. Ry., supra; Haskins v. Howard,* 159 Tenn. 86, 97, 16 S.W.2d 20.

> By way of exception to this general rule, it is declared in a number of cases that a jury will not be permitted to disregard testimony arbitrarily or capriciously, that ordinarily the testimony of a witness who is not contradicted, impeached, or

discredited must be accepted as true, and that the judge may take such testimony as true in determining a motion for a directed verdict. *Frank v. Wright*, 140 Tenn. 535, 205 S.W. 434; *Gouldener v. Brittain*, 173 Tenn. 32, 114 S.W.2d 783; *Bryan v. Aetna Life Ins. Co.*, 25 Tenn. App. 496, 505, 160 S.W.2d 423, 429, and cases there cited.

The principle upon which such cases must rest is that it is the office of the judge to keep the trial both of law and fact a rational process, to see that the jury's verdict shall be not only "conformable to legal rules" but also "defensible in point of sense, not absurd or whimsical." But this is a far different thing from imposing on the jury the judge's own private standard of what is reasonable. The standard of reasonableness must be not that of any individual but that of all reasonable men, i.e., the ideal reasonable man. *Thayer's Preliminary Treatise on Evidence*, pp. 183-207, 208, 209-262.

We think none of this line of cases is authority for directing a verdict for plaintiff upon the testimony of himself or other witnesses interested in the result, or for holding that the jury is bound as a matter of law to believe the testimony of such an interested witness, merely because he is not contradicted, impeached, or discredited. Would all reasonable men agree that such testimony must be believed and taken to be true as a matter of law? We think not. It has not been so long since the common law disqualified all parties and all other interested persons from being witnesses. The reason was that they were conclusively presumed to be unworthy of belief – "can never induce any rational belief." *Gilbert on Evidence* (Loffts Ed.) 223. "The law will not receive the evidence of any person, even under the sanction of an oath, who has an interest in giving the proposed evidence, and consequently whose interest conflicts with his duty. This rule of exclusion, considered in its principle, requires little explanation. It is founded on the known infirmities of human nature, which is too weak to be generally restrained by religious or moral obligations, when tempted and solicited in a contrary direction by temporal interest." *Starkie on Evidence*, 83, 6 Am.Ed. (1837) 18.

The principal argument for abolishing this disqualification was that one's interest should go merely to his credit but not to his absolute exclusion as a witness; i. e., the matter should be taken out of the hands of the judge to be dealt with as law and committed to the jury to be dealt with as fact. It was upon such considerations that statutes were passed in England and in all of the United States abolishing the disqualification, our statute, Code, § 9777, being passed in 1867. It abolished the disqualification of parties and interested persons as witnesses, with certain exceptions including the one which was continued in force by section 9780, one of the purposes of which was to protect estates of decedents by preventing the living from testifying against the dead. *Kurn v. Weaver*, 25 Tenn. App. 556, 580, 161 S.W.2d 1005, 1020, and cases there cited.

And since the general abolishment of interest disqualification of witnesses, it has generally been held that interest alone is enough to make a witness's credibility a question for the jury, and that a verdict may not be directed upon the testimony of an interested witness, even though he is not contradicted, impeached, or discredited.

*Poole*, 196 S.W.2d at 568-69 (citations updated).

Two valid reasons exist for denying summary judgment in this case. First is the continued viability of the distinctions made by Judge Felts in *Poole*. Second is the subsequent limitations placed upon *Ferguson* by the Supreme Court of Tennessee in *Hamrick v. Spring City Motor Co.*, 708 S.W.2d 383 (Tenn. 1986) and *Warren v. Estate of Kirk*, 954 S.W.2d 722 (Tenn. 1997).

In *Price v. Allstate Insuance Co.*, the issue involved was real estate value in a fire insurance loss. Said this Court:

Neither the court nor jury is bound to accept opinion testimony as a matter of law as the market value of real estate and the issue of value is for the trier of fact. *Poole v. First Nat. Bank of Smyrna*, 29 Tenn. App. 327, 196 S.W.2d 563 (1946). Interest alone is enough to make a witness's credibility a question for the jury and a verdict may not be directed upon the testimony of an interested witness even though he is not contradicted, impeached or discredited. *Id.*, at 339, 196 S.W.2d 563. Although the owner's testimony was the only opinion of value offered in evidence, it did not establish conclusively the value of the house as a matter of law and the trial judge improperly directed a verdict in favor of the plaintiff on this issue.

*Price v. Allstate Ins. Co.*, 614 S.W.2d 377, 379 (Tenn. Ct. App. 1981); *see also Cole v. Clifton*, 833 S.W.2d 75, 77 (Tenn. Ct. App. 1992); *Jennings v. Case*, 10 S.W.3d 625, 633 (Tenn. Ct. App. 1999).

The continued viability of *Ferguson* as a vehicle for summary judgment was seriously undermined, if not practically overruled, in *Hamrick v. Spring City Motor Co.* There, the Supreme Court, in pertinent part and speaking through Justice Harbison, observed:

As stated previously, the word "presumption" has been dropped from the present version of the statute, and we think properly so. Established is a prima facie case as to a master-servant relationship, and essentially the statute has the effect of placing the burden of proof upon the owner to overcome that case by evidence. If it is overcome by proof so strong that reasonable minds could not differ, a directed verdict for the owner may be proper; otherwise the issue is to be resolved by the jury. *See Sadler v. Draper*, 46 Tenn. App. 1, 20, 326 S.W.2d 148 (1959).

Because the statute itself creates initially a sufficient case of master-servant status upon proof of ownership, a serious question is presented as to whether or not this prima facie case can be overcome pre-trial by motion for summary judgment.

We are aware that the Court of Appeals has held that it may be so overcome in the recent case of *Ferguson v. Tomerlin*, 656 S.W.2d 378 (Tenn. App. 1983). There the Court of Appeals found that there was no evidence at the summary judgment proceeding to impeach the credibility of any of the witnesses and that the proof established beyond dispute that no master-servant relationship existed at the time of the accident. The Court said:

> "In the final analysis, in order to hold it proper to allow this matter to proceed to trial, given the state of the record when disposal was had of the summary judgment motion, we would be constrained to rule that summary judgment would never be appropriate in a case involving this statutory presumption. Finding neither logic nor authority for this proposition, we are unwilling to do so." 656 S.W.2d at 383.

> That case did not involve a prospective purchaser but only a private bailment. Although this Court denied review in that case, we are of the opinion that ordinarily the prima facie case established from proof of ownership is sufficient to overcome a motion for summary judgment as well as a motion for directed verdict at trial at the end of the plaintiff's proof. The statute and the rules developed thereunder actually pertain to a trial, not to a pre-trial disposition of a case. There is ample authority that the trial court may direct a verdict at the end of all of the evidence where the rebutting proof is so clear that reasonable minds could not differ and there is no question of credibility of the witnesses. *See e.g. Ford v. Reeder Chevrolet Company* 663 S.W.2d 803 (Tenn. App. 1983).

> . . . .

> We do not find it necessary expressly to overrule *Ferguson v. Tomerlin*, 656 S.W.2d 378 (Tenn. App. 1983), because there are many types of cases that arise under the statutes involved here. There may be some instances where summary disposition could be warranted. However, we are of the opinion that summary judgment is not ordinarily the proper procedure for determining whether a prima facie case has or has not been overcome by countervailing evidence.

*Hamrick*, 708 S.W.2d at 387-88, 389.

It is well to note that in *Ford v. Reeder Chevrolet Company*, 663 S.W.2d 803 (Tenn. Ct. App. 1983), the evidence countervailing the *prima facie* case made by the statute, and upon which this Court affirmed a directed verdict for the defendant owner, came from third parties having no interest in the outcome of the case.

In *Sartor v. Arkansas Natural Gas Corp.*, 321 U.S. 620 (1944), the United States Supreme Court, in reversing a summary judgment, held: "[T]he mere fact that the witness is interested in the result of the suit is deemed sufficient to require the credibility of his testimony to be submitted to the jury as a question of fact." *Sartor*, 321 U.S. at 628 (quoting *Sonnentheil v. Christian Moerlein Brewing Co.*, 172 U.S. 401, 408 (1899).

In 62 A.L.R.2d, in an annotation entitled "Credibility of Witness Giving Uncontradicted Testimony as Matter for Court or Jury" citing both *Sonnentheil* and *Poole,* along with cases from several other states, the annotator observes: "Aside from the question whether a fact issue of credibility is presented where an uncontradicted and in no way discredited witness gives testimony which, if accepted, controls the case, it has been held in a large number of cases that if the witness has a personal interest in the result, his credibility must always be regarded as involving an issue of fact which must go the jury." W.E. Shipley, Annotation, *Credibility of witness giving uncontradicted testimony as a matter for court or jury*, 62 A.L.R.2d, 1191, 1198 (1956).

In reversing a directed verdict, the United States Court of Appeals for the Eighth Circuit in *Dace v. A.C.F. Industries, Inc.*, 722 F.2d 374 (1983), observed: "Occasionally verdicts may be returned with which judges strongly disagree. This is a price, we think, worth paying for the jury system, which is enshrined in the Bill of Rights and sanctified by centuries of history. When questions of fact are involved, common sense is usually more important than technical knowledge, and twelve heads are better than one." *Id.* at 376-77.

The *Dace* court further, in footnote, observed:

> We have stated in text what we believe to be the general rule drawn from our cases and the Supreme Court's. There may be particular situations in which the rule should not be rigidly applied. If, for example, the moving party's evidence is completely disinterested, uncontradicted, and unimpeached, or if the evidence of the nonmovant is contrary to established scientific fact, some modification of the general rule may be called for. The matter is well canvassed in Professor Cooper's illuminating article, *supra* note 3, 55 Minn.L.Rev. at 930-53. We leave consideration of possible refinements of the general rule for another day. Here, virtually all of the moving party's evidence came from employees of the defendant, and much of it, as we shall explain below, was contradicted, either by the plaintiff's proof or by other evidence offered by the defendant itself. " '[T]he mere fact that the witness is interested in the result of the suit is deemed sufficient to require the credibility of his testimony to be submitted to the jury as a question of fact.' " *Sartor v. Arkansas Natural Gas Corp.*, 321 U.S. 620, 628, 64 S.Ct. 724, 729, 88 L.Ed. 967 (1944), quoting *Sonnentheil v. Christian Moerlein Brewing Co.*, 172 U.S. 401, 408, 19 S.Ct. 233, 235, 43 L.Ed. 492 (1899).

*Dace*, 722 F.2d at 377 n.6.

This "interested witness rule" is not holy writ and has been relaxed to a considerable degree in many instances involving directed verdicts. *See Lundeen v. Cordner*, 356 F.2d 169 (8th Cir. 1966); *Dewey v. Clark*, 180 F.2d 766 (D.C. Cir. 1950) and *Walpert v. Bart*, 280 F.Supp. 1006 (D. Md. 1967), *aff'd* 390 F.2d 877 (4th Cir. 1968). We are in this case, however, dealing with summary judgment, the denial of which does not foreclose a directed verdict in an actual trial of the case. *Hamrick v. Spring City Motor Co.*, 708 S.W.2d 383, 388 (Tenn. 1986).

A number of intermediate appellate decisions post-dating *Hamrick* have sustained summary judgment motions where section 55-10-311 of the Code was involved. *Monroe v. Craddock*, 1988 WL 74618 (Tenn. Ct. App. July 20, 1988), involved the death of two persons by carbon monoxide poisoning from either a motor vehicle engine or a heater in an enclosed building. *Redd v. Air-Conditioning Service, Inc.*, 1988 WL 97227 (Tenn. Ct. App. Sept. 23, 1988) and *D.T. Vise v. Swift, et al.*, 1989 WL 89752 (Tenn. Ct. App. Aug. 8, 1989) involved cases in which the offending driver, in addition to the owners of the vehicles, denied agency. The driver in the case at bar, Ricardo Corpus, apparently disappeared.

*Monroe, Redd* and *Vise* all pre-date the opinion of the Supreme Court of Tennessee in *Warren v. Estate of Kirk*, 954 S.W.2d 722 (Tenn. 1997). In that case, the Supreme Court reaffirmed its holding in *Hamrick* and reaffirmed its recognition of the difference between the "presumption" of owner consent and use within the scope of employment in the pre-1957 version of Tennessee Code Annotated section 55-10-311 and the "prima facie evidence" of such provided by the 1957 amendment to the statute. Said the court:

> The plaintiff insists that summary judgment does not lie in this case for two reasons: in an action for injury to persons and/or property caused by the negligent operation or use of an automobile, proof of ownership of the vehicle pursuant to Tenn. Code Ann. § 55-10-311 (1993) constitutes evidence of a masterservant relationship sufficient to withstand a motion for summary judgment; and, in the alternative, the evidence considered on the motion for summary judgment creates a genuine issue with regard to the relationship between Kirk and Duncan at the time of the accident.

> Duncan responds that the "presumption" which arises pursuant to Tenn. Code Ann. § 55-10-311 upon proof of ownership was rebutted by evidence that Kirk was not operating Duncan's vehicle within the course and scope of his employment.

> The statute provides that proof of ownership is *prima facie evidence* that the vehicle was being operated with the consent of the owner by the owner's servant within the course and scope of the servant's employment.

> In *Hamrick v. Spring City Motor Co.*, 708 S.W.2d 383 (Tenn. 1986), the Court noted that since proof of ownership under the 1957 amendment to Tenn. Code Ann. § 55-10-311 is evidence of the master-servant relationship, rather than merely

a presumption, "a serious question is presented as to whether or not this *prima facie* case can be overcome pre-trial by motion for summary judgment." *Id.* at 387. In that case, the Court stated:

> [S]ummary judgment proceedings do not involve findings of fact or weighing of evidence. They were not designed to match statutory "*prima facie*" cases against rebutting proof or to determine whether a party has carried the requisite burden of proof. They are merely to dispose of legal questions upon undisputed facts.

*Id.* at 388. And further:

> [S]ummary judgment is not ordinarily the proper procedure for determining whether a *prima facie* case has or has not been overcome by countervailing evidence.

*Id.* at 389. The Court discussed in that case the application of Tenn. Code Ann. § 55-10-311 to motions for directed verdicts as well as motions for summary judgment and observed that the denial of a motion for summary judgment does not mean that the case must be submitted to the jury.

> The overruling of a motion for summary judgment does not necessarily mean that the case will go to a jury at a trial, because the evidence adduced at trial may be significantly different from that contained in affidavits or depositions heard pre-trial on summary judgment proceedings. All that the overruling of a motion for summary judgment indicates is that the case should proceed further. Whether it will ever go to a jury or whether it will be disposed of on directed verdict pursuant to Rule 50, Tenn. R. Civ. P., depends upon the record developed at trial.

*Id.* at 388 (citations omitted).

*Warren*, 954 S.W.2d at 723-24.

Shortly after the earlier version of the statute was enacted by Chapter 162 of the Public Acts of 1921, this Court commented on the legislative intent behind the statute in a case involving a disappearing driver. Said the Court:

> While the circumstances in and of themselves do not necessarily show that the driver was the agent, employee or servant of the owner at the time of the accident, and if so that he was engaged in the master's business when the injury was effected, yet good reasons are shown justifying the purposes of the Legislature, if such justification was necessary, as to why these two essential facts should be presumed.

The driver fled immediately after the accident, so that his name or identity was not known, and the difficulty of proving the same is therefore manifest, together with the necessity of indulging some such presumption, or else justice will be defeated in an ever increasing number of similar incidents. On the other hand, if in any case the presumption should be ill founded, it would be an easy matter to furnish facts to controvert it, which are, or would be, more easily within the knowledge of the defendants, or at least much less difficult for them to establish, and thus the ends of justice be subserved.

*Racy Cream Co. v. Walden*, 1 Tenn. App. 653, 668 (1925).

The depositions of Defendants Ruiz and the affidavit of Mr. Ruiz disclose that the driver of the van involved in the accident, Ricardo Corpus, was a cousin of Mr. Ruiz who worked with him for the same employer and, from time to time, traveled in the van as a passenger with Mr. Ruiz to and from work. Following the accident in issue, Mr. Corpus disappeared. He is known by Defendants Ruiz to reside in Dallas, Texas solely by information provided by a telephone call from a relative of Mr. Ruiz. The testimony of Defendants Ruiz contradicting the *prima facie* evidence provided by the statute as to the use of the van by Corpus with permission and within the scope of employment is unrebutted and unimpeached.

There is no other evidence in the record rebutting the statutory *prima facie* case.

Cases failing to recognize the significance of the 1957 amendment, thereby equating *prima facie* evidence with a mere presumption, have not survived *Hamrick* and *Warren*. It is not necessary at this time, under *Hamrick* and *Warren,* to determine whether or not the "interested witness" rule in *Poole* and *Price* will be sufficient within itself, or coupled with other evidence, to survive a motion for a directed verdict in the trial of the case. It suffices to say that summary judgment is improper, and the case should be reversed and remanded for trial on the merits.

_____
WILLIAM B. CAIN, JUDGE