**John W. FORD and wife, Ruby Ford, Plaintiffs-Appellants,**

v.

**REEDER CHEVROLET COMPANY, Defendant-Appellee.**

Court of Appeals of Tennessee, Eastern Section.

Nov. 15, 1983.

Rehearing Denied Dec. 1, 1983.

Permission to Appeal Denied by Supreme Court Jan. 23, 1984.

Paul T. Gillenwater and Michael E. Lundy, Knoxville, for plaintiffs-appellants.

William C. Skaggs, Knoxville, for defendant-appellee.

## OPINION

FRANKS, Judge.

Plaintiffs sustained injuries in a motor vehicle accident with a motor vehicle owned by defendant, Reeder Chevrolet Company, and appeal the trial court's directing a verdict in favor of this defendant.

The evidence material to this issue is not disputed. Defendant is the stipulated owner of the 1979 Ford Bronco motor vehicle in collision with plaintiffs' vehicle. At the time of the accident, Terry Jones, doing business as Tennessee Auto Care, had taken possession of the vehicle from defendant to clean the vehicle and, at the time of the accident, the vehicle was being operated by an employee of Jones, Charles Leroy Sandford. On the morning of May 11, 1983, the Bronco had been driven from defendant's lot, parked at one location, and at the time of the accident was being driven to the cleaning destination at Jones' wife's direction. Jones operated under oral agreement with Reeder Chevrolet, cleaned and polished vehicles at $35.00 per vehicle and, upon completion of the cleaning operation, the vehicle was returned to Reeder's sales lot.

■ First, the Fords argue the statutory presumption created by T.C.A., § 55–10–311 created a *prima facie* case for consideration by the jury as to the stipulated ownership of the vehicle.

The statute, in pertinent part, provides: T.C.A., § 55–10–311. . . . [S]uch proof of ownership likewise shall be prima facie evidence that said vehicle was then and there being operated by the owner, or by the owner's servant, for the owner's use and benefit and within the course and scope of his employment. . . .

The presumption may be displaced as a matter of law. This court, in discussing the efficacy of the presumption in *Yellow Cab, Inc. of Morristown v. York,* 58 Tenn.App. 177, 427 S.W.2d 854 (1967), said:

The presumption, or *prima facie* case, of respondeat superior created by proof of ownership of the automobile involved in the accident is displaced, as a matter of law, by material evidence to the contrary of the presumed fact (i.e., operation of the automobile in defendant's service), where such evidence is uncontradicted and comes from witnesses whose credibility is not in issue. [Citations omitted.] However, if the witness offering the evidence in rebuttal of the presumption is contradicted on any material point, the trial court may not hold as a matter of law that the statutory presumption has disappeared and direct a verdict, but must permit the jury to decide if the witnesses' testimony overcomes the presumption. *Haggard v. Jim Clayton Motors, Inc.,* 216 Tenn. 625, 393 S.W.2d 292, and numerous cases there cited. The court in *Welch v. Young,* 11 Tenn.App. 431, explained:

"... [O]rdinarily the testimony of a witness who is not contradicted, impeached, or discredited must be accepted as true, but that if the witness relied upon to establish a given fact be impeached (by evidence directed against his general character for veracity) or discredited in any of the modes recognized by law, that fact may not be treated as established as a matter of law or for purposes of a motion for peremptory instructions. 11 Tenn.App. at 440." 58 Tenn.App., at 180–1, 427 S.W.2d 854.

The witnesses testifying to the material facts were not discredited; accordingly, the trial judge correctly held the presumption to be displaced.

■ Plaintiffs argue the testimony of the defendant's sales manager to the effect that defendant could exercise control over the time the vehicles were removed from its lot, when the vehicles were to be returned and whether the cleaning was complete or not, is evidence tending to establish that Jones was not an independent contractor. We do not agree.

The right of control over the work would not render the cleaning service personnel servants or employees of Reeder Chevrolet. 41 Am.Jur.2d 737, *Independent Contractors,* §§ 1 and 8; *also see Chapman v. Evans,* 37 Tenn.App. 166, 261 S.W.2d 132 (1953). The evidence establishes beyond dispute that Sandford was, at the time of the accident, operating the vehicle in Jones' service.

Finally, the Fords rely on the case of *Jack Lee Buick, Inc. v. Bolton,* 377 So.2d 226 (Fla.App.1979), which held a used car dealer liable for the negligent operation of one of its automobiles by an employee of a cleaning establishment.

The Florida court based its decision on the dangerous instrumentality doctrine which is not controlling since our courts do not apply the doctrine to the operation of motor vehicles. *See Garis v. Eberling,* 18 Tenn.App. 1, 71 S.W.2d 215 (1934).

The remaining arguments have been considered and found to be without merit.

For the foregoing reasons we affirm the judgment of the trial court and remand the cause, with the cost of appeal assessed to appellants.

SANDERS and GODDARD, JJ., concur.