IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
July 7, 2000 Session

## SUSAN R. GODFREY, ET AL. v. JESUS RUIZ, ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 97C-503     Barbara N. Haynes, Judge**

_____

**No. M2000-00101-COA-R3-CV - Filed October 4, 2001**

_____

This case arises from an automobile accident resulting in personal injuries to plaintiffs. The defendants, Mr. & Mrs. Ruiz, filed a motion for summary judgment on the grounds that their cousin, Mr. Corpus, was driving their vehicle without their permission or knowledge at the time of the accident. The trial court granted the motion and plaintiffs appeal. Plaintiffs assert that under Tenn. Code Ann. § 55-10-311, defendants are not entitled to summary judgment based solely on their own self-serving affidavits and depositions. We affirm the summary judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed and Remanded**

PATRICIA J. COTTRELL, J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S., joined. WILLIAM B. CAIN, J., filed a dissenting opinion.

Joseph M. Dalton, Jr., Catherine S. Hughes, Nashville, Tennessee, for the appellants, Susan R. Godfrey and Rickey E. Godfrey.

Clifton B. Sobel, Jr., Nashville, Tennessee, for the appellees, Jesus Ruiz and wife, Shawanda Ruiz.

**OPINION**

This case arises from an automobile accident which occurred on August 4, 1996. Ricardo Corpus was operating a 1984 Chevrolet van owned by Jesus Ruiz and his wife Shawanda Ruiz when it collided with the vehicle in which Rickey Godfrey and his wife Susan Godfrey were riding. Mr. Corpus is the cousin of Mr. Ruiz and had been living with Mr. and Mrs. Ruiz for approximately a month and a half prior to this accident. Both Mr. and Mrs. Ruiz testified that they have not seen Mr. Corpus since the accident.

Mr. and Mrs. Ruiz both testified that they were away from home attending to personal family business at the time of the accident and had no knowledge that Mr. Corpus was driving their van. They testified that the keys to the van were kept in a drawer in their bedroom and that Mr. Corpus

did not have their permission to drive the vehicle. The Ruizes testified that Mr. Corpus had never been given permission to drive the vehicle. In fact, they asserted, they learned that Mr. Corpus was driving the vehicle for the first time after the accident that afternoon.

Mr. Ruiz is an independent contractor who hangs drywall for a living. Mr. and Mrs. Ruiz testified that the van Mr. Corpus was driving was maintained for Mr. Ruiz's work in the construction business. Mr. Ruiz did not maintain his own business, but instead was employed by Quality Drywall in Dickson, Tennessee at the time of the accident. Mr. Ruiz testified that Mr. Corpus was not employed by Mr. Ruiz. However, Mr. Ruiz had helped Mr. Corpus obtain employment in the construction business, and Mr. Corpus was working with him in the days before the accident. Mr. Ruiz admits that he paid Mr. Corpus for the work he did on the job. However, Mr. Ruiz testified that they were both employed by and answered to the same boss, Don Cards, of Quality Drywall.

The Godfreys sued the driver of the van, Mr. Corpus, and the owners, Mr. and Mrs. Ruiz, for the injuries they sustained as a result of the accident. The record in this case consists of the pleadings, the Godfreys' depositions under oath, the Ruizes' depositions under oath, and their affidavits in support of their motion for summary judgment. The trial court granted summary judgment to defendants, Mr. and Mrs. Ruiz, finding there was no material fact in controversy and that Mr. and Mrs. Ruiz were entitled to judgment as a matter of law.[1]

I.

A trial court's grant of a motion for summary judgment presents a question of law that we review *de novo* without a presumption of correctness. *Goodloe v. State*, 36 S.W.3d 62, 65 (Tenn. 2001); *Mooney v. Sneed*, 30 S.W.3d 304, 306 (Tenn. 2000); *Finister v. Humbolt Gen. Hosp., Inc.*, 970 S.W.2d 435, 437 (Tenn. 1998). Accordingly, the appellate court must make a fresh determination concerning whether the movant has met the requirements of Tenn. R. Civ. P. 56. *Hunter v. Brown*, 955 S.W.2d 49, 50-51 (Tenn. 1997); *Mason v. Seaton*, 942 S.W.2d 470, 472 (Tenn. 1997). When faced with a motion for summary judgment, "parties may neither ignore it nor treat it lightly." *Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn. 1993).

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material facts and the moving party is entitled to a judgment as a matter of law. Tenn. R. Civ. P. 56.04; *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997); *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995); *Byrd v. Hall*, 847 S.W.2d at 214. A disputed fact is material for summary judgment purposes if it must be decided in order to resolve a substantive claim or defense underlying the summary judgment motion. *Id.*

---

[1]After summary judgment was granted and permission to appeal denied by the trial court, the Godfreys voluntarily dismissed the cause of action against Mr. Corpus.

In reviewing a grant of summary judgment, we must view the evidence in the light most favorable to the Godfreys and must also draw all reasonable inferences in their favor. *Robinson v. Omer*, 952 S.W.2d 423, 426 (Tenn. 1997); *Mike v. Po Group, Inc.*, 937 S.W.2d 790, 792 (Tenn. 1996). Thus, summary judgment should be granted only when the undisputed facts reasonably support one conclusion, namely, that Mr. and Mrs. Ruiz are entitled to a judgment as a matter of law. *McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995); *Carvell v. Bottoms*, 900 S.W.2d at 26.

II.

In their complaint, the Godfreys alleged that Mr. Corpus was operating the van owned by Mr. and Mrs. Ruiz with their permission and, consequently, his negligence was imputed to them. Mr. and Mrs. Ruiz moved for summary judgment on the basis that Mr. Corpus was driving their vehicle at the time of the accident without their permission or knowledge. They argued that in the face of their testimony that they never gave Mr. Corpus permission to drive their van, no evidence existed to establish a basis for their liability under any theory of imputed liability.[2]

As to the issue relevant in this appeal, Mr. and Mrs. Ruiz argued that their undisputed testimony established that there was no agency relationship between them and Mr. Corpus, thereby overcoming the presumption, or *prima facie* evidence, of an agency relationship created by the statute relied upon by the Godfreys, Tenn. Code Ann. § 55-10-311. The Godfreys used that statute to establish proof that the van was being operated with the knowledge and consent of Mr. and Mrs. Ruiz and by their agent. That statute provides, in pertinent part:

> In all actions for injury to persons and/or to property caused by the negligent operation or use of any automobile, auto truck, motorcycle, or other motor propelled vehicle within this state, proof of ownership of such vehicle shall be prima facie evidence that the vehicle at the time of the cause of action sued on was being operated and used with authority, consent and knowledge of the owner in the very transaction out of which the injury or cause of action arose, and such proof of

---

[2]The complaint did not allege any specific theory of liability but merely asserted liability against Mr. and Mrs. Ruiz on the basis that the vehicle was owned by them and being operated with their permission. Mr. and Mrs. Ruiz first asserted that permissive use alone does not establish a basis for imposition of liability upon the owner of the vehicle for the actions of the user, citing *Hamrick v. Spring City Motor Co.*, 708 S.W.2d 383, 385 (Tenn. 1986). In any event, a cause of action based on permissive use requires a showing of use by permission, and they asserted there was no evidence they ever gave Mr. Corpus permission to drive the van for any purpose. Second, they argued that a cause of action based on negligent entrustment requires that defendants entrusted the vehicle to the driver with knowledge the driver was incompetent to use it. *Nichols v. Atnip*, 844 S.W.2d 655, 659 (Tenn. Ct. App. 1992). Again, Mr. and Mrs. Ruiz testified they did not give Mr. Corpus permission to use the van. Similarly, the family purpose doctrine, in order for liability to attach to the owner, requires that the head of the household maintain the vehicle for the purpose of providing pleasure or comfort to his or her family and that the driver must have been using the vehicle at the time of the injury in furtherance of that purpose with the express or implied permission of the owner. *Camper v. Minor*, 915 S.W.2d 437, 447 (Tenn. 1996). Mr. and Mrs. Ruiz asserted that the van was maintained for business purposes, not for family use, and there was no proof which could be produced that Mr. Corpus was using the van in furtherance of any family purpose. Again, they relied on their testimony that they had never given Mr. Corpus permission to use the van for any purpose.

ownership likewise shall be prima facie evidence that the vehicle was then and there being operated by the owner, or by the owner's servant, for the owner's use and benefit and within the course and scope of the servant's employment.

Tenn. Code Ann. § 55-10-311(a) (1998 & Supp. 2000).

The Godfreys assert that the statute meets their burden of proof and that summary judgment for defendants was improper. The prima facie case of agency created by the statute can be rebutted by "credible proof that the driver was in fact operating a vehicle without authority of the owner." *Hunter v. Burke*, 958 S.W.2d 751, 755 (Tenn. Ct. App. 1997) (quoting *Ferguson v. Tomerlin*, 656 S.W.2d 378, 381-82 (Tenn. Ct. App. 1983)). The burden of overcoming the statutory prima facie case rests upon the owner, once proof of ownership is established. *Id*. That burden can be met by presenting credible evidence that the driver took the car without the owner's knowledge or consent. *Id*. Consequently, "[i]f it can be said as a matter of law that there was no agency, a motion for summary judgment on that issue should be sustained." *Yearby v. Shannon*, No. 03A01-9509-CV-00345, 1996 WL 87446, at *5 (Tenn. Ct. App. Feb. 29, 1996) (no Tenn. R. App. P. 11 application filed) (citing *Haggard v. Jim Clayton Motors, Inc.*, 393 S.W.2d 292 (Tenn. 1965)("before a trial judge may take the question from the jury, the evidence must be such that it can be said, as a matter of law, that there was no agency")). Uncontradicted evidence that there was no agency displaces the statutorily created prima facie case of such agency "where such evidence is uncontradicted and comes from witnesses whose credibility is not in issue." *Id*. (citing *McConnell v. Jones*, 33 Tenn. App. 14, 228 S.W.2d 117 (1949); *McParland v. Pruitt*, 39 Tenn. App. 399, 284 S.W.2d 299 (1955); *Sadler v. Draper*, 46 Tenn. App. 1, 326 S.W.2d 148 (1959)).

The question of whether the statute's prima facie case of agency precludes summary judgment was answered by this court in *Ferguson v. Tomerlin*, 656 S.W.2d 378, 381 (Tenn. Ct. App. 1983), wherein this court set aside a jury verdict against the owner of a car on the basis that the trial court should have granted summary judgment to the owner prior to trial. At the time of the defendant owner's motion for summary judgment, the record consisted of the pleadings and interrogatories with the owner's answers thereto. The owner answered he had furnished the car to his daughter for her use only and with specific instructions not to allow anyone else to drive it. *Id*. at 380. The daughter had loaned the car to a friend, contrary to her father's instructions, and the friend was driving when the accident occurred. In analyzing the situation at the time the motion was made, this court stated:

More specifically, Mr. Tomerlin contends that at the summary judgment stage plaintiff was relying solely on the statutory presumption of agency; that the record then contained undisputed, uncontradicted and unimpeached evidence that no agency relationship existed between Mr. Tomerlin and Mr. Luna; that therefore the statutory presumption of agency disappeared; that plaintiff was then obligated but failed to offer independent proof of agency; and that, consequently, defendant was entitled to judgment as a matter of law. We agree.

*Id.* at 381.

This court relied on well-settled authority that uncontradicted and unimpeached evidence showing a lack of agency causes the statutory presumption, or prima facie case, to disappear. *Id.* at 381. Such evidence, to justify removing the question from the jury, must be uncontradicted and unimpeached.

As the Godfreys point out, after *Ferguson v. Tomerlin*, the Supreme Court of Tennessee questioned whether summary judgment is appropriate in cases involving the statutorily-created prima facie evidence of agency in *Hamrick v. Spring City Motor Co.,* 708 S.W.2d 383 (Tenn. 1986). In that opinion, the Supreme Court specifically stated, "Because the statute itself creates initially a sufficient case of master-servant status upon proof of ownership, a serious question is presented as to whether or not this prima facie case can be overcome pre-trial by motion for summary judgment." *Id.* at 387. The *Hamrick* court stated that ordinarily the *prima facie* evidence established by proof of ownership is sufficient to overcome a motion for directed verdict as well as a motion for summary judgment. *Id.* at 388. However, the Court also stated, "We do not find it necessary expressly to overrule *Ferguson v. Tomerlin*, 656 S.W.2d 378 (Tenn. App. 1983), because there are so many types of cases that arise under the statute involved here. There may be some instances where summary disposition could be warranted." *Id.* at 389.

The factual dispute in *Hamrick* involved that portion of the statute relating to test drives by prospective purchasers,[3] a distinction from *Ferguson* recognized by the Supreme Court. *Id.* at 388. In *Hamrick*, the driver's lengthy deposition left it possible to draw different conclusions as to "whether Mr. Champion was still 'test-driving' the automobile . . . or whether he had so far finalized the purchase that he should be deemed the owner and no longer within the purview of the statute." *Id.* at 388. There were also inconsistences in testimony regarding aspects of the transaction. The court held that, at the point of considering summary judgment, the plaintiffs were entitled to the most favorable view of the evidence as well as reliance on the statute for establishment of the master-servant relationship. *Id.* at 389. Based upon the record at that time, the court found that it was "premature" for the trial court to grant summary judgment.

Later, in *Warren v. Estate of Kirk*, 954 S.W.2d 722, 724 (Tenn. 1997), our Supreme Court acknowledged that the *Hamrick* decision stopped short of holding that proof of ownership will defeat a summary judgment motion and recognized that there are some instances when it would be appropriate. In *Warren,* the Court found that summary judgment was not appropriate in that case, however, not because summary judgment was never appropriate, but because there was a genuine issue of fact because the record

---

[3]Tenn. Code Ann. § 55-10-311 also applies "in cases of the negligent operation of a vehicle being test-driven by a prospective purchaser with the knowledge and consent of the seller or his agent whether or not the seller or his agent is present in the vehicle at the time of the alleged negligent operation."

does not show the purpose of the trip on which the owner's employee was driving the owner's vehicle. Kirk had Duncan's express permission to operate the vehicle during work, traveling to and from work, and transporting other employees to and from work. The prohibitions on the use of the vehicle stated by Duncan in his deposition and affidavit do not necessarily proscribe Kirk's operation of the truck at the time of the accident in the course and scope of his employment. . . . In summary, he [Kirk] was responsible for all the duties incident to his job as foreman for an absentee owner. As to those duties, Kirk had at least implicit permission to use the pickup truck. . . . The evidence presented on the motion for summary judgment is not conclusive proof that Kirk was not acting within the course and scope of his employment at the time of the accident.

*Id*. at 725.

The Godfreys rely on *Hamick* and *Estate of Kirk* for the proposition that summary judgment is not appropriate for defendant owners in the face of Tenn. Code Ann. § 55-10-311. We think that reliance is misplaced. As those cases make clear, summary judgment may be warranted in some situations. In those two cases, the facts were in dispute or insufficient to constitute uncontradicted evidence that no permission and no agency existed. Thus, we conclude that a motion for summary judgment in a case involving liability imputed to an owner of a vehicle driven by another on the basis of permissive use through a master-servant or agency relationship is to be analyzed just as such a motion in any other case. Where a plaintiff meets her initial burden of establishing such a relationship by reliance on Tenn. Code Ann. § 55-10-311, the question becomes whether the defendant presents credible evidence which, if uncontradicted, is sufficient to rebut the prima facie case established by the statute. One way to do that is to present proof that the driver was operating the vehicle without the knowledge or permission of the owner. *Hunter v. Burke*, 958 S.W.2d at 755.

Once the Ruizes provided testimony that Mr. Corpus did not have permission from them to ever drive their van and that he did so without their knowledge, the burden shifted to the Godfreys "to produce evidence which would establish a genuine factual dispute." *Brown v. J. C. Penney Life Ins. Co.*, 861 S.W.2d 834, 837 (Tenn. Ct. App. 1992).

When the party seeking summary judgment makes a properly supported motion, the burden then shifts to the nonmoving party to set forth specific facts, not legal conclusions, by using affidavits or the discovery materials listed in Rule 56.03, establishing that there are indeed disputed, material facts creating a genuine issue that needs to be resolved by the trier of fact and that a trial is therefore necessary. The nonmoving party may not rely upon the allegations or denials of his pleadings in carrying out this burden as mandated by Rule 56.05.

*Byrd v. Hall*, 847 S.W.2d at 215. The Godfreys came forward with no such facts. They continued to rely only on the evidence of agency presumed from ownership by virtue of the statute. We are aware of the significance of the legislative action changing "presumption" to "prima facie case," as

explained in Hamrick, but we do not believe that change allows the plaintiffs to rest only on the statute in opposition to a motion for summary judgment with supporting evidence disproving an agency or master-servant relationship. In the case before us, the Godfreys did not attend or take part in the depositions of Mr. and Mrs. Ruiz. Thus, they did not ask them any questions designed to lead to other proof relevant to the issues of permission, employment, or scope of employment. The record does not include any other discovery efforts on the part of the Godfreys, and they do not assert that they made any. Their position is that they could rely on the statute regardless of any evidence presented by defendants in support of their motion for summary judgment. We do not agree that the summary judgment procedure is ineffective in this situation to require plaintiffs to come forward with evidence contradicting that supplied by defendants or risk a judgment of dismissal.

Thus, contrary to the arguments presented by the Godfreys, we conclude that summary judgment is available to an owner who presents uncontradicted evidence disproving agency or permission. To hold otherwise is to suggest that proof of ownership is always sufficient to overcome summary judgment, regardless of the facts presented by the defendant owners.[4] We simply do not believe that every case where a plaintiff can show ownership is required to proceed to trial.

In fact, summary judgment has been granted where evidence disproving agency was provided by the owner and remained uncontradicted by plaintiffs. *Yearby v. Shannon*, 1996 WL 87446, at *4-6; *Dillard v. Rubin*, No. 01A01-9102-CV-00052, 1991 WL 119059, at *2 (Tenn. Ct. App. Jul. 5, 1991) (no Tenn. R. App. P. 11 application filed); *Vise v. Swift*, no docket no., 1989 WL 89752, at *2-3 (Tenn. Ct. App. Aug. 8, 1989) (no Tenn. R. App. P. 11 application filed); *Monroe v. Craddock*, No. 88-102-II, 1988 WL 74618, at *1-2 (Tenn. Ct. App. Jul. 20, 1988) (no Tenn. R. App. P. 11 application filed); *Redd v. Air-Conditioning Serv., Inc.*, No. 88-149-II, 1988 WL 97227, at *3 (Tenn. Ct. App. Sept. 23, 1988) (no Tenn. R. App. P. 11 application filed).

In *Vise v. Swift*, the defendant owners of the vehicle involved in the accident, Ricky and Rhonda Ford, submitted affidavits establishing that neither the driver nor their friend who had borrowed the car "was on their business or acting on their behalf at the time of the accident." 1989 WL 89752, at *2. Their affidavits were supported by the depositions of the driver and the friend to the effect that the driver did not have the owners' permission to drive their car and that neither of them had used the car in performing any business or service for the owners. Summary judgment was sustained because the plaintiffs failed to produce any proof on the issue of agency and the affidavits and depositions established that there was no agency upon which to impose liability. *Id.* at *2-3. This court found that the evidence submitted by the defendants stood unimpeached and uncontradicted, effectively rebutting the prima facie evidence created by statute and relied upon exclusively by plaintiffs.

---

[4]For example, if a defendant presented evidence demonstrating that her car had been stolen, through her own affidavit and evidence from other, disinterested sources, the absolute position taken by the Godfreys would preclude summary judgment. In addition, ownership of a vehicle alone does not create liability for negligent acts of another operating the vehicle. In fact, permissive use alone does not create such liability. As the Supreme Court stated in *Hamrick*: "Permissive use, standing alone, establishes only a bailment. In and of itself it is not a basis for the imposition of personal liability upon the owner of a vehicle." 708 S.W.2d at 385.

-7-

Similarly, in *Redd v. Air-Conditioning Serv., Inc.* the defendant driver of the vehicle was an employee of the defendant owner. 1988 WL 97227, at *1. The testimony supporting the summary judgment motion stated that the driver was assigned the truck to perform his duties during working hours. On the day of the accident, the driver learned that his personal car was missing and went to look for it in the company vehicle. He drank five beers while looking for his car. There was a written policy that the vehicles were not to be used for personal use, including taking them home, although, supervisors did not seem to object when employees did take the vehicles home. After a long analysis of cases on point, summary judgment was sustained because

> this case presents an instance where summary judgment is the proper procedure. No question of credibility of witnesses is involved. The evidence here is clear and unrebutted that Brian Allen Smith was not in the business of his employer. He was not "in the course and scope of employment at the time of the accident."

*Id*. at *2-3. We further stated, "If the plaintiffs had other evidence, they were bound to come forward with it or face having the motion for summary judgment sustained." *Id*. at *3.

Thus, summary judgment is not precluded in favor of a defendant owner of a vehicle when plaintiff relies on Tenn. Code Ann. § 55-10-311(a) to establish an agency or master-servant relationship in order to impute a driver's negligence to the owner. Summary judgment is appropriate when the owner presents uncontradicted, unimpeached evidence that the driver was operating the vehicle without the permission, knowledge, or authority of the owner.

We turn now to the question of whether the evidence presented by Mr. and Mrs. Ruiz was sufficient to support the grant of summary judgment.

### III.

In this case, Mr. and Mrs. Ruiz submitted similar affidavits in support of their motion for summary judgment stating the following:

> 1. Ricardo Corpus is not and has never been my [husband's] employee.
> 2. The automobile which is the subject of this cause of action was purchased by me [my husband] for the purposes of conducting my [his] business as a drywall hanger.
> 3. The keys to the 1984 Chevrolet van were kept in my bedroom and they were not available for anyone to use but me [my husband].
> 4. At no time while Mr. Corpus was visiting in my home did he have permission to use or otherwise operate the van involved in the accident which is the subject of this action.
> 5. On the date of this accident, my wife, Shawanda Ruiz, [my husband, Jesus Ruiz] and I had been out of the home conducting personal business, and the last time I saw the van in question, it was parked in my driveway.

After the affidavits were signed and submitted in support of the motion for summary judgment, Mr. and Mrs. Ruiz were deposed under oath. The attorney for the Godfreys was not present at the depositions and did not cross examine Mr. or Mrs. Ruiz as to any statements contained in the affidavits despite knowledge of the pending motion for summary judgment.[5] The deposition testimony of both Mr. and Mrs. Ruiz was consistent with their affidavits. Essentially, they reaffirmed that they had never given Mr. Corpus permission to drive the van and that he was doing so on the day of the accident without their knowledge or permission.

However, at his deposition, Mr. Ruiz testified as follows:

Q: Can you read English?
A: No.
Q: Okay. All right. I have an affidavit here from you. Is that your signature?
A: Yes.
Q: Did somebody read the affidavit to you?
A: No.
Q: Okay. All right. How did you get the information? How do you know what it says then?
A: I just signed it.

The Godfreys argue that the affidavits submitted by Mr. and Mrs. Ruiz are self-serving and that their credibility was impeached during the deposition of Mr. Ruiz when he admitted to having not read the affidavit before signing it. They assert that "simply denying that Corpus had permission to use the subject vehicle, while admitting to signing an affidavit and having no idea of its contents leaves open questions involving credibility and bias. . . . In sum, the subject vehicle is registered to both Mr. and Mrs. Ruiz and their self-serving, unread affidavits, should be insufficient proof to overcome the *prima facie* case established by Tenn. Code Ann. §§ 55-10-311 and 55-10-312."[6] In other words, the Godfreys assert that the testimony submitted by Mr. and Mrs. Ruiz cannot overcome the statutory evidence of agency because the testimony is self-serving and the credibility of the defendants has been impeached.

IV.

---

[5]The depositions were conducted by the attorney for the Godfreys' uninsured motorist carrier.

[6]We note, however, that the plaintiffs do not argue or rely on Tenn. Code Ann. § 55-10-312 anywhere in their brief other than this one conclusory sentence. Consequently, we will only address the issues arising under § 55-10-311. In any event, Tenn. Code Ann. § 55-10-312 states that proof of registration of a motor-propelled vehicle is prima facie evidence of ownership of the vehicle and is also prima facie evidence that the vehicle was being operated by the owner or by the owner's servant in the course and scope of the servant's employment. Thus, we do not interpret this statute as adding a different or additional basis for liability. *Ferguson v. Tomlin*, 656 S.W.2d at 379 n.3 ("for purposes of this appeal we need only consider T.C.A. § 55-10-311 since the presumption raised by both statutes is identical.") Additionally, the Godfreys do not argue in their brief the applicability of the theories of permissive use, negligent entrustment or family purpose doctrine, and instead focus solely on imputed negligence arising through agency established in Tenn. Code Ann. § 55-10-311.

We first note that the summary judgment was not based solely on the affidavit testimony; deposition testimony was submitted. The Godfreys offered no testimony to contradict the defendants' sworn statements that Mr. Corpus was operating their vehicle without their knowledge or permission. Their uncontradicted evidence that there was no agency is a sufficient basis for summary judgment in their favor "where such evidence is uncontradicted and comes from witnesses whose credibility is not in issue." *Yearby v. Shannon*, 1996 WL 87446, at \*5 (citing *McConnell v. Jones*, 33 Tenn. App. 14, 228 S.W.2d 117 (1949); *McParland v. Pruitt*, 39 Tenn. App. 399, 284 S.W.2d 299 (1955); *Sadler v. Draper*, 46 Tenn. App. 1, 326 S.W.2d 148 (1959)).

> Testimony may not be disregarded arbitrarily or capriciously; and the testimony of a witness who is not discredited in any of the modes recognized by law, must be accepted as true.

*Ferguson v. Tomerlin*, 656 S.W.2d at 382 (quoting *Haggard v. Jim Clayton Motors, Inc.*, 216 Tenn. at 631, 393 S.W.2d at 295) (quoting *Phillips-Buttorff Mfg. Co. v. McAlexander*, 15 Tenn. App. 618, 627 (1932)). Conversely,

> [o]rdinarily the testimony of a witness who is not contradicted, impeached, or discredited must be accepted as true, but that if the witness relied upon to establish a given fact be impeached (by evidence directed against his general character for veracity) or discredited in any of the modes recognized by law, that fact may not be treated as established as a matter of law or for purposes of a motion for peremptory instructions.

*Ford v. Reeder Chevrolet Co.*, 663 S.W.2d 803, 804 (Tenn. Ct. App. 1983) (quoting *Welch v. Young*, 11 Tenn. App. 431, 439 (1930)).

The issue of whether "self-serving" testimony, or testimony of an interested party, can support a motion for summary judgment where the only contradictory evidence is that presented by the statute has been settled adversely to the Godfreys' position in that summary judgment has routinely been granted based upon the self-serving affidavits and deposition testimony of the defendant owner. For example, in *Ferguson v. Tomerlin*, summary judgment was determined to be appropriate on the basis of the defendant owner's testimony that he had let his daughter use the vehicle with specific instructions not to let anyone else drive it. In *Monroe v. Craddock*, the only evidence of ownership of the vehicle was the title stating that Clyde Craddock owned the vehicle involved in the accident. 1988 WL 74618, at \*2. However, in the only deposition in the record, Clyde Craddock testified, without contradiction, that he had given the vehicle to his son several months prior. The plaintiff asserted that this contradiction or question of ownership should preclude summary judgment. The court disagreed, holding:

> even if Clyde Craddock were the owner of the van, the motion for summary judgment under this theory [Tenn. Code Ann. § 55-10-311] must be sustained. Clyde Craddock testified unequivocally that Phillip Craddock was using the van for his

> (Phillip's) benefit.  He was not the agent of, or on the business of, Clyde Craddock.
> Plaintiff offered no proof to support her claim that Phillip Craddock was acting on
> any business or purpose for Clyde Craddock.

*Id*.

Also in *Yearby v. Shannon*, summary judgment was affirmed based on the self serving affidavits of the defendant owners, obviously interested parties. 1996 WL 87446, at *4.  In *Yearby*, the defendant owner submitted an affidavit stating that the defendant driver was not his employee and was not on any business of his at the time of the accident.  *Id*.  This court held that the owner was not impeached, nor his credibility attacked, in any mode recognized by law and that there was no evidence to contradict the statements made by the owner.  Therefore, there was no genuine issue of material fact on the issue of agency and reasonable minds could not differ in concluding that there was no agency relationship.  *Id*. at *5.

We note that in other contexts self-serving testimony, or testimony from a party interested in the outcome of the case, has been found sufficient to support a motion for summary judgment when it remains uncontradicted.  *See, e.g., Gonzales v. Alman Construction Co.,* 857 S.W.2d 42, 48-49 (Tenn. Ct. App. 1993); *Armes v. Hulett,* 843 S.W.2d 427, 431-32 (Tenn. Ct. App. 1992).  *See also Dillard v. Rubin*, No. 01-A01-9102-CV-00052, 1991 WL 119059, at *2 (Tenn. Ct. App. July 5, 1991) (no Tenn. R. App. P. 11 application filed) (citing *Smith v. Graves*, 672 S.W.2d 787 (Tenn. Ct. App. 1984)).

The fact that the Mr. and Mrs. Ruiz did not read their affidavits prior to signing may leave open to question whether the affidavits are valid or in compliance with the rules of civil procedure.  We do not condone the execution or filing of an affidavit which has not been read by the affiant.  Mr. Ruiz's statement that he had not read the affidavit before signing it might serve to make it inadmissible for purposes of summary judgment.  *See* Tenn. R. Civ. P. 56.06. However, both Mr. and Mrs. Ruiz confirmed the facts contained in the affidavit at their deposition under oath, and absolutely no contradiction of the information contained therein was brought out at the deposition or otherwise.  Thus, in view of the circumstances of this situation, including Mr. Ruiz's testimony that he cannot read English and the total consistency between the affidavit and his later testimony, we cannot conclude that the credibility of Mr. Ruiz's deposition testimony has been raised sufficiently to preclude summary judgment based thereon.

Summary judgment should not be undermined by credibility concerns "unless they rise to a level higher than the normal credibility questions that arise whenever a witness takes the stand." *Jennings v. Case*, 10 S.W.3d 625, 638 (Tenn. Ct. App. 1999) (dissent) (citing *Hepp v. Joe B's, Inc.*, No. 01A01-9604-CV-00183, 1997 WL 266839, at *2 (Tenn. Ct. App. May 21, 1997) (no Tenn. R. App. P. 11 application filed)).  Moreover, we find that the credibility of Mr. and Mrs. Ruiz has not been impeached "by any of the modes  recognized by law." *See Yearby v. Shannon*, 1996 WL 87446, at *5 (citing *Haggard v. Jim Clayton Motors, Inc.*, 216 Tenn. 625, 393 S.W.2d 292; *Buck v. West*, 434 S.W.2d at 616; *Ford v. Reeder Chevrolet*, 663 S.W.2d at 804 (quoting *Yellow Cab, Inc.*

*of Morristown v. York*, 58 Tenn. App. 177, 427 S.W.2d 854 (1967)); *Welch v. Young*, 11 Tenn. App. at 440.

V.

Parties are not to take summary judgment lightly, *Byrd*, 847 S.W.2d at 210, and when Mr. and Mrs. Ruiz rebutted the *prima facie* evidence, the burden then shifted back to the Godfreys to present evidence to impeach, contradict, or otherwise establish a genuine issue of fact material to the elements of agency. "If the plaintiffs had other evidence, they were bound to come forward with it or face having the motion for summary judgment sustained." *Redd v. Air-Conditioning Serv., Inc.*, 1988 WL 97227, at *3 (citing *Moman v. Walden*, 719 S.W.2d 531, 533 (Tenn. Ct. App. 1986)). As this court stated in *Ferguson v. Tomerlin*:

> Plaintiff stood on the presumption only to have it be effectively rebutted by the uncontradicted, unimpeached and unrefuted proof of lack of agency contained in the interrogatory answers of Mr. Tomerlin, a witness whose credibility was not put in issue by the plaintiff at the summary judgment stage. Under these circumstances we think it clear that the presumption was displaced and, agency not being otherwise shown, defendant was entitled to judgment as a matter of law.

656 S.W.2d at 382.

The situation before us is the same. There is absolutely no evidence in the record to refute the assertions made by Mr. and Mrs. Ruiz that Mr. Corpus was not an employee of Mr. Ruiz, was not on any business of Mr. or Mrs. Ruiz at the time of the accident, and was driving the vehicle without their permission. Therefore, we must affirm the summary judgment.

This cause is remanded to the trial court for further action not inconsistent with this opinion. The costs of this appeal are taxed to the appellants, Susan R. Godfrey and Rickey E. Godfrey, for which execution may issue, if necessary.

_____
PATRICIA J. COTTRELL, JUDGE